UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| DOUGLAS ROBERT GOODENOW, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:05-cv-106 |
| ) | |
| v. ) | Honorable Richard Alan Enslen |
| ) | |
| IONIA COUNTY MEMORIAL ) | |
| HOSPITAL and UNKNOWN ) | |
| PARTY, ) | |
| ) | |
| Defendants. ) | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as frivolous and for lack of subject matter jurisdiction. *See also* Fed. R. Civ. P. 12(h)(3).

**Discussion**

I.  Factual Allegations

Plaintiff is presently confined at the Riverside Correctional Facility. On April 21, 2005, during his incarceration, Plaintiff underwent a liver biopsy at the Ionia County Memorial Hospital. The biopsy revealed the presence of hepatitis B and hepatitis C. The physician who performed the biopsy did not prescribe any medication to cure or control the conditions although, Plaintiff claims, hepatitis C can be fatal. Plaintiff is suing the Ionia County Memorial Hospital and the unknown physician for medical malpractice.

Plaintiff states that he has not filed grievances regarding the situation of which he complains because this suit is not against the Michigan Department of Corrections. There is no indication that he has addressed his health concerns with prison health providers. For relief, Plaintiff asks to be released from confinement so that he may confer with his private physician.

II.  Jurisdiction

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). For a private party's conduct to be "under color of state law," it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974). Depending on the circumstances, a private party

may be considered to have acted under color of state law for purposes of § 1983. *See, West*, 487 U.S. at 54-56 (finding that a doctor under contract with the state to provide medical treatment to a prisoner was a state actor); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351-52 (6th Cir. 2001) (noting that a private party providing housing and security for prisoners was a state actor); *Street*, 102 F.3d at 814 (finding prison officials employed by a private contractor were state actors). Plaintiff has not alleged sufficient facts for the Court to determine if the physician was acting under color of state law when the physician performed Plaintiff's liver biopsy.

Even assuming for purposes of this review that the physician was a state actor, Plaintiff has not stated a claim cognizable under § 1983. Section 1983 is a means for vindicating federal rights, not a source of substantive rights itself. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff has asserted a claim of medical malpractice against the physician based upon a failure to prescribe medication. A claim of medical malpractice arises solely under state tort law, and §1983 does not provide redress for a violation of state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).

Construing Plaintiff's complaint liberally and accepting all of his allegations as true, Plaintiff has failed to state a federal claim. Because the jurisdiction of federal courts is limited to civil actions arising under the Constitution or laws of the United States, 28 U.S.C. § 1331, and controversies between citizens of different states, 28 U.S.C. § 1332, this Court lacks subject matter jurisdiction over Plaintiff's state law tort claim.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action is frivolous and lacks subject matter jurisdiction and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

DATED in Kalamazoo, MI:  
October 5, 2005

 /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE